FILED '07 NOV 26 16:15 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK INGRAM,

           Petitioner,        Civil No. 06-1335-TC

      v.                 FINDINGS AND
                            RECOMMENDATION

JEAN HILL,

           Respondent.

COFFIN, Magistrate Judge.

    Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, challenging his no contest plea conviction on charges of Delivery of a Controlled Substance II (cocaine) on various grounds.

    Respondent has moved to dismiss petitioner's petition on

1 - FINDINGS AND RECOMMENDATION

the ground that petitioner failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1).

Respondent's Exhibits establish the following facts and procedural history.

Initially, petitioner was sentenced to three years bench probation, with weekly "check ins." Shortly thereafter. petitioner violated his probation by failing to report as ordered. However, the probation was continued after petitioner served three days in jail. Less than a month later, petitioner was arrested after admitting to drug use. Following a contested probation revocation hearing, petitioner was found to have violated his probation and sentenced to 24 months in prison, with 24 months of post-prison supervision.

No direct appeal was filed. A petition for post Conviction Relief was filed in Malheur County, and counsel was appointed. After a formal petition for post conviction relief was filed, the attorney moved to withdraw at petitioner's request. A pro se amended petition was filed, and the respondent moved to strike the pleading on procedural grounds. The motion to dismiss was granted after a hearing, and petitioner was allowed additional time to file an amended petition or seek appointment of counsel. When no further

substantive action was taken, the case was dismissed. No appeal of the post-conviction judgment was filed.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982).

A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them , thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." Vasquez v. Hillary, 474 U.S. 254 (1986); see also, Duncan v. Henry, 513 U.S. 364 (1995). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in

the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9 th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other

avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. <u>Coleman v Thompson</u>, <u>supra</u>; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, <u>O'Sullivan</u>, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." <u>Murray</u>

v. Carrier, 477 U.S. 478, 488 (1986).  The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default.  Id. at 486.  Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted.  Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000).

Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default.  Coleman, 501 U.S. at 572.

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown.  U.S. v. Frady, 456 U.S. 152 (1982).  It is not enough to demonstrate the mere possibility of prejudice.  Actual prejudice must be demonstrated.  Id.

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," Coleman, 501 U.S. at 750, resulted in a "constitutional violation [that] probably resulted in the conviction of one who is actually innocent."   Murray v. Carrier, 477 U.S. 478, 496 (1986); Noltie, 9 F.3d at 806.

In this case it is not necessary to review or examine

6 - FINDINGS AND RECOMMENDATION

petitioner's individual claims for relief because he did not exhaust state remedies as to *any* claims.  As noted above, petitioner did not directly appeal his conviction or sentence. When petitioner's pro se amended petition for post-conviction relief appeal was dismissed on procedural grounds petitioner did not file an amended petition or take any further action with regard to his appeal.  When the post-conviction action was dismissed, petitioner did not appeal the judgment of dismissal.

Therefore, petitioner has procedurally defaulted his claims and has not established any cause and prejudice for the procedural default (failure to exhaust). Petitioner's Amended Petition (#5) should be denied.   This proceeding should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten

7 - FINDINGS AND RECOMMENDATION

(10) days within which to file a response to the objections.
Failure to timely file objections to any factual
determinations of the Magistrate Judge will be considered a
waiver of a party's right to   de novo consideration of the
factual issues and will constitute a waiver of a party's right
to appellate review of the findings of fact in an order or
judgment entered pursuant to the Magistrate Judge's
recommendation.

IT IS SO ORDERED

DATED this ___26___ day of November, 2007.

_____
Thomas M. Coffin
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION